**Danijela PRENKA, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General, Respondent.**

No. 03–40314.

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

Glenn T. Terk, Wethersfield, Connecticut, for Appellant.

Joseph. S. Van Bokkelen, United States Attorney for the Northern District of Indiana Orest Szewciw, Assistant United States Attorney, on the brief, Hammond, Indiana, for Appellee.

Present: MESKILL, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the petition for review of the Board of Immigration Appeals ("BIA") decision is hereby DENIED. Petitioner's motion for a stay of removal is likewise hereby DENIED.

Danijela Prenka, through counsel, petitions for review of the BIA decision affirm-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

ing the Immigration Judge's ("IJ") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court generally reviews only the final order of the BIA, but when the BIA adopts the IJ's decision and merely supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's and BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

■ In this case, the IJ's and BIA's finding of fact that Prenka, an ethnic Albanian, had not personally suffered past persecution was substantially supported by the record as a whole. Prenka made a passing reference in her testimony to the Serbs forcing her and her family out of their home in Kosovo but she provided no details of that encounter. Prenka's only personal encounter with Serbian soldiers was when they threatened to take her away if she did not reveal where her husband was. The soldiers, however, did not carry out their unspecific threats and the threats were not accompanied by any physical harm. *See Guan Shan Liao v. D.O.J.,* 293 F.3d 61, 70 (2d Cir.2002) (holding that vague threats of detention do not support claims of past persecution). An applicant bears the burden of providing sufficiently detailed and persuasive testimony to support a finding of past prosecution. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999). The finding that Prenka' testimony did not constitute past persecution was reasonable and supported by the

evidence. Even though Serbian brutality against Kosovar Albanians occurred during the 1998–99 conflict, the existence of this conflict did not necessitate a finding by the IJ or BIA that Prenka, personally, suffered past persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (noting that the mere plausibility of a different conclusion is not sufficient to justify reversal of a BIA or IJ decision, rather, this Court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it.").

■ Prenka was not entitled to a presumption of a well-founded fear of future persecution, given the IJ's finding that she did not suffer past persecution. 8 C.F.R. § 208.13(b)(1)(i). Instead, Prenka was required to prove that she had a genuine, subjective fear of future persecution as an Albanian in Kosovo and that this fear was objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The IJ found that Prenka did not have an objectively reasonable fear of future prosecution in Kosovo or Montenegro, in light of improving conditions in both areas, as noted in the 2000 State Department Human Rights report. While the report notes that some violence, crime, and interethnic conflict persisted in Kosovo and Montenegro, police presence had increased, the Serbian armed forces had withdrawn, and there had been no confirmed reports of killings by Serbian forces inside Kosovo or Montenegro. The report also indicated that Kosovo's political and ethnic climate was far from ideal, but this Court may not reverse the IJ's findings merely because of the plausibility of a different conclusion. *Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. 812. We may only reverse the IJ's findings "if the evidence presented . . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." The State Department report fully supports

the IJ's finding and the finding must therefore be upheld.

■ Finally, substantial evidence supports the IJ's determination that Prenka failed to establish entitlement to CAT relief. Prenka did not allege that she had ever been tortured or threatened with torture in the past, and the 2000 State Department report notes that the UN administration in the former Yugoslavia has been enforcing the law prohibiting torture. Thus, the IJ's finding was reasonable that Prenka had failed to prove that it was more likely than not that she, or someone in her particular alleged circumstances, would suffer torture. 8 C.F.R. § 208.18(a)(1).

For the foregoing reasons, the decision of the BIA is AFFIRMED and Prenka's petition for review is hereby DENIED.